NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD H. TOLAND, JR.,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-1921

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-1003, Judge Michael P. Allen.

---

Decided: February 7, 2019

---

RONALD H. TOLAND, JR., Raleigh, NC, pro se.

ADAM E. LYONS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.

---

Before MOORE, REYNA, and STOLL, *Circuit Judges.*

PER CURIAM.

Ronald H. Toland, Jr. appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals. The Board denied Mr. Toland entitlement to a compensable rating for chronic left flank pain, as well as entitlement to service connection for a lumbar spine disorder, a left arm disorder, and a left leg disorder. Because Mr. Toland's appeal involves issues that fall outside this court's jurisdiction, we dismiss.

BACKGROUND

Mr. Toland served honorably on active duty in the U.S. Army between November 1990 and February 1994. A November 1991 service treatment record indicates that Mr. Toland suffered a back injury while lifting a heavy spool of wire. About a year later, Mr. Toland was treated for pain on his left side lower rib, noted as a "flank injury." He was treated for this problem several times throughout service. Mr. Toland's separation examination in 1994 noted his spine, "other musculoskeletal," and upper and lower extremities as normal. In February 1994, Mr. Toland filed an application for compensation. In 1995, after leaving service, Mr. Toland suffered a fractured rib in a motor vehicle accident. In 1996, the regional office ("RO") determined Mr. Toland had service connection for chronic left flank pain, but assigned a 0% disability rating.

In December 2004, Mr. Toland submitted a claim, noting, among other things, that his flank problem had become worse and that he experienced numbness and tingling in his left side. The RO continued the 0% disability rating for his chronic left flank pain and denied service connection for the other conditions. In response, Mr. Toland submitted additional medical opinion letters. A first examiner diagnosed him with degenerative cervical and lumbar spine syndrome and spondylarthrosis of the lumbar spine. While a second examiner opined that his current back

condition was associated with and aggravated by his service-connected left flank pain, a third examiner disagreed, stating Mr. Toland's current back pain was not in the same region as his flank pain and finding "no anatomic or physiological causality." Thereafter, the Board remanded the claim to provide Mr. Toland VA medical examinations.

Mr. Toland received a VA examination in January 2014. The examiner found Mr. Toland's 1995 motor vehicle accident to be "the most obvious cause" of his lower back pain, his back condition was less likely than not related to his service, and his back condition was less likely than not aggravated by his service-connected left flank pain. In 2015, the Board again remanded Mr. Toland's claim for further development. In 2016, the VA examiner found, among other things, that it was less likely than not that Mr. Toland's current back pain was related to his heavy lifting injury or his in-service left flank pain. The Board affirmed the denial of entitlement to a compensable rating for chronic left flank pain, as well as entitlement to service connection for a lumbar spine disorder, left arm disorder, and left leg disorder.

The Veterans Court affirmed. It determined Mr. Toland presented no argument related to his claim for entitlement to service connection for left arm and left leg disabilities, or his non-compensable rating for left flank pain. It therefore narrowed the issue to Mr. Toland's lumbar spine claim, and considered his arguments that the Board (1) improperly downgraded the private medical opinions and (2) failed to ensure that the VA provided adequate medical examinations. The Veterans Court concluded the Board permissibly evaluated the record medical evidence and did not clearly err in finding the VA provided adequate medical examinations. Mr. Toland appeals.

## DISCUSSION

Our review of Veterans Court decisions is limited by statute. We have jurisdiction under 38 U.S.C. § 7292(a) to

review a decision of the Veterans Court "with respect to the validity of [the] decision . . . on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." *See also* § 7292(c). "[W]e are prohibited, absent a constitutional issue, from reviewing challenges to factual determinations or the application of a statute or regulation to the facts of a particular case." *Dixon v. Shinseki*, 741 F.3d 1367, 1373 (Fed. Cir. 2014); *accord* § 7292(d)(2).

While we are sympathetic to Mr. Toland's situation, we must dismiss his appeal because it presents issues outside of our jurisdiction. Mr. Toland argues that he has experienced debilitating problems from his left hip and back for years, resulting in pain, exhaustion, and depression. He argues the pain and depression are documented in the record evidence, and he seeks a favorable decision resulting in a rating "increase of at least 30% or higher." Informal Br. 1–2. As presented, Mr. Toland essentially asks us to reweigh the record evidence, which is a factual assessment outside of our jurisdiction. *See, e.g.*, *Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010). We have considered Mr. Toland's remaining arguments and find them unpersuasive.

CONCLUSION

For the foregoing reasons, we dismiss Mr. Toland's appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.